**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**


**BONITA SCARBROUGH**                                                            **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO. 1:03CV160SR**

**NASTECH PHARMACEUTICAL COMPANY, INC,
BRISTOL-MYERS SQUIBB COMPANY,
APOTHECON, INC., and CEPHALON, INC.**              **DEFENDANTS**


## **MEMORANDUM OPINION**

The Court has before it Plaintiff Bonita Scarbrough's motion to remand. This case was removed from the Circuit Court of Jackson County, Mississippi, on alternative grounds of diversity of citizenship and bankruptcy jurisdiction.

Plaintiff has alleged that Defendant Terry Millette, M. D. (Millette) negligently prescribed Stadol, a drug manufactured and distributed by Defendants Nastech Pharmaceutical Company, Inc., Bristol-Myers Squibb Company, Apothecon, Inc., and Cephalon, Inc. Millette is a Mississippi resident, as is Plaintiff. The other four named defendants are corporations organized under the laws of states other than Mississippi and with their principal places of business in states other than Mississippi.

The four diverse defendants removed this case on the grounds that Millette was fraudulently joined. As an alternative grounds for removal, the diverse defendants assert that this Court has federal question jurisdiction arising from the plaintiff's personal bankruptcy proceeding. Under 28 U.S.C. §1334, district courts have original, but not exclusive, jurisdiction over civil proceedings arising under title 11, or arising in or related to title 11. The diverse defendants assert that this proceeding is "related to" the plaintiff's bankruptcy proceeding. See *In re Wood*, 825 F.2d 90 (5th Cir.1987).

The removing party bears the burden of proving fraudulent joinder, and all disputed issues of fact and all ambiguities in controlling state law are to be resolved in favor of the plaintiff. *LeJeune v. Shell Oil Co.*, 950 F.2f 267 (5th Cir.1992). In order to meet this burden, the removing party must show that the plaintiff has no substantial potential right of recovery against the non-diverse defendant. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981).

The allegations in this case are substantially similar to the allegations in three cases that have previously been considered in the Mississippi federal courts: In *Geneva Little, et al. v. Nastech Pharmaceutical Company Inc., et al.*, Civil Action No. 3:02cv1682LN, Judge Lee determined that remand was appropriate; in *Jackson v. Truly*, 307 F.Supp.2d 818 (N.D.Miss.2004) Judge Mills followed Judge Lee's analysis and determined remand was appropriate; and in *Jones v. Nastech Pharmaceutical, et al.*, 319 F.Supp.2d 720 (S.D.Miss.2004) Judge Pickering also determined that remand was appropriate. In all three of these cases, the plaintiffs' allegations of negligence against the non-diverse physicians were found to be substantial enough to require that the cases be remanded. Plaintiff's allegations against Millette are likewise substantial enough to require that this case be remanded.

In *Jackson v. Truly*, 307 F.Supp.2d 818 (N.D.Miss.2004) Judge Mills also determined that the connection between the lawsuit that had been removed and the plaintiff's personal bankruptcy was too insubstantial to justify removal. I am of the same opinion with respect to Plaintiff Scarborough's personal bankruptcy proceeding.

In light of these precedents, and in light of the similarity between the allegations here and those in these prior cases, I am of the opinion that this action should be remanded. This Court lacks subject matter jurisdiction on grounds of diversity of citizenship, and I find that the connection with Plaintiff Scarborough's personal bankruptcy does not warrant the assumption of jurisdiction under 28 U.S.C. §1334.

Accordingly, it is

**ORDERED**

That the plaintiff's motion to remand this case to the Circuit Court of Jackson County, Mississippi, is hereby **GRANTED.**

**SO ORDERED** this 23rd day of May, 2005.

s/ *L. T. Senter, Jr.*
**L. T. Senter, Jr.**
**Senior Judge**